**Leroy TUCK, Administrator of the Estate of Johnny L. Tuck, Deceased; Leroy Tuck, an individual, and Dorothy Tuck, an individual, Plaintiffs,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant.**

No. 83–C–175C.

United States District Court, N.D. Oklahoma.

Dec. 15, 1989.

Patrick E. Carr, Carr & Carr, Tulsa, Okl., for plaintiffs.

Linda G. Alexander, Kenneth Upton, Jr., Niemeyer, Noland & Alexander, Oklahoma City, Okl., for defendant.

ORDER

H. DALE COOK, Chief Judge.

THIS MATTER comes on for hearing this 31st day of August, 1989, upon the Plaintiffs' Motion to Amend and the Defendant's Motion to Dismiss.

Plaintiffs were represented by their attorney, Patrick E. Carr. Defendant United Services Automobile Association was represented by its attorney, Linda G. Alexander.

After reviewing the pleadings, briefs and other material in the file, and after having heard the argument of counsel, the Court finds as follows:

1.

United Services Automobile Association is a reciprocal interinsurance exchange, the same being an unincorporated association organized under the laws of State of Texas, wherein individuals and other persons and entities agree to exchange contracts of indemnification among themselves, thereby becoming known as "subscribers" or "members".

2.

To accomplish the exchange of contracts of insurance or indemnification between themselves, the subscribers appoint an attorney-in-fact.

3.

This attorney-in-fact is granted by each subscriber with the full power to do or perform every act the subscriber could do in relation to any such contracts of indemnity, including the appearance for the subscriber in actions, suits and proceedings, and the defense, compromise or adjustment of the same. The attorney-in-fact is granted the right to accept service of process in behalf of each subscriber and the service of process upon such attorney-in-fact is valid and binding upon all subscribers exchanging at any time reciprocal or interinsurance contracts through such attorney.

4.

Plaintiffs served the Summons and Complaint upon each subscriber by serving the attorney-in-fact through his designated service agent in Oklahoma, the State Insurance Commissioner.

5.

Since United Services Automobile Association is an unincorporated association consisting of its subscribers and by virtue of the authority granted by the subscribers to the attorney-in-fact, the pleadings and other matters filed by United Services Automobile Association's attorneys were filed in behalf of United Services Automobile Association's subscribers.

6.

The subscribers of United Services Automobile Association have been since the service of process upon their attorney-in-fact, parties to this action.

7.

Some of these subscribers are citizens of the State of Oklahoma and some are not citizens of the State of Oklahoma.

8.

The subscribers of United Services Automobile Association who are citizens of the State of Oklahoma or which are corporations that have their principal place of business in the State of Oklahoma are not proper parties to this action since subject matter jurisdiction is sought to be based upon a complete diversity of citizenship between the parties.

9.

In order to perfect subject matter jurisdiction based upon a complete diversity of citizenship, the entity known as United Services Automobile Association and the subscribers of United Services Automobile Association who are citizens of the State of Oklahoma, or which have their principal place of business in the State of Oklahoma, should be dismissed from this action pursuant to Federal Rule of Civil Procedure 21.

10.

The subscribers of United Services Automobile Association who are diverse from Plaintiffs and Robert F. McDermott, the individual designated by the Plaintiffs as the representative of these diverse subscribers, and who is also diverse from Plaintiffs, have sufficient contacts with the

State of Oklahoma to permit the Court to acquire personal jurisdiction over them.

11.

In this action, Robert F. McDermott will fairly and adequately protect the interests of United Services Automobile Association and the subscribers of United Services Automobile Association who are diverse from Plaintiffs.

12.

The employees of United Services Automobile Association who committed the tortious wrongs against Plaintiffs were acting in the scope of their employment.

13.

■ The entity known as United Services Automobile Association and its subscribers who are citizens of the State of Oklahoma or which are corporations that have their principal place of business in the State of Oklahoma are not indispensable parties to this action.

14.

Plaintiffs' Motion to Amend filed February 6, 1989, should be granted and the complaint, answer, pleadings and judgment should be amended to reflect the Defendant as Robert F. McDermott as the class representative of the Diverse Subscribers of United Services Automobile Association.

15.

The judgment in this action should be amended to grant Plaintiffs judgment against the attorney-in-fact as representative of the subscribers of United Services Automobile Association who are diverse as to the Plaintiffs.

16.

The amendments to the complaint, pleadings and judgment relate back to the filing of the Complaint.

17.

Interest should be calculated on this judgment from July 27, 1984, the date of the judgment theretofore entered in this action.

18.

All motions contrary to this Order are denied.

19.

The determination of the imposition of sanctions upon Defendant United Services Automobile Association should be reserved until a time to be set by the Court and jurisdiction upon Defendant United Services Automobile Association for the purpose of imposing sanctions against it is reserved.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the entity known as United Services Automobile Association and its subscribers who are citizens of the State of Oklahoma or which are corporations that have their principal place of business in the State of Oklahoma are dismissed from the Plaintiffs' action for actual and punitive damages for tortious breach of the implied covenant of good faith and fair dealing and for the intentional infliction of emotional distress.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this action shall be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.2 wherein the Defendants shall consist of those subscribers who are of diverse citizenship from that of the Plaintiffs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Robert F. McDermott is hereby designated the representative of the Defendant Class of Diverse Subscribers.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion to Amend is granted and the complaint, answer, pleadings and judgment are hereby amended to reflect that the Defendant is Robert F. McDermott as the Class Representative of the Diverse Subscribers of United Services Automobile Association.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment in this action is hereby amended to grant judgment in favor of Plaintiffs and against the Diverse Subscribers of United Services Automobile Association through their Class Representative, Robert F. McDermott.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that post-judgment interest on the Judgment, as amended by this Order, shall be calculated from July 27, 1984.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by United Services Automobile Association is denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that jurisdiction of this Court over United Services Automobile Association for the purpose of determining the imposition of sanctions upon it is reserved.

The attorney for the plaintiffs is directed to file a proposed amended judgment in accordance with the terms of this Order within fifteen (15) days.

IT IS SO ORDERED.